# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:07cv00153-RJC-DCK

REMEDIATION PRODUCTS, INC.,

    Plaintiff,

v.

ADVENTUS AMERICAS INC.,
a Delaware Corporation, and
ENVIRONMENTAL TECHNOLOGIES
INC., a Canadian Corporation,

    Defendants.

**ORDER**

**THIS MATTER IS BEFORE THE COURT** on the "Motion for Joinder and Leave to File Amended Answer and Counterclaim" (Document No. 111) filed by the Defendants on November 12, 2008. This matter is before the Magistrate Judge upon referral by the District Judge. Having considered the voluminous briefs, exhibits, and related materials (Document Nos. 112, 114 - 117, 119), the undersigned Magistrate Judge will **DENY** the motion for the following reasons:

Ordinarily, leave to amend is "freely given when justice so requires." Fed. R. Civ. P. 15(a). However, when the request to amend pleadings is filed beyond the expiration of the pleading deadlines set forth in the court's scheduling order, the movant must first show "good cause" for the late filing pursuant to Federal Rule 16. *Nourison Rug Corporation v. Parvizian*, 535 F.3d 295, 298 (4th Cir.2008) (collecting cases); and see, e.g., *Montgomery v. Anne Arundel County*, 182 Fed. Appx. 156, 162 (4th Cir. 2006). Federal Rule of Civil Procedure 16(b)

provides that the court's scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge . . . ." Fed. R. Civ. P. 16(b).

To show good cause, the moving party must "show that the deadlines cannot reasonably be met despite the diligence of the party needing an extension." 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure Civ. 2d, § 1522.1. The Court must focus on the reasons the movant "has given for his delay instead of the substance of the proposed amendment." *Lurie v. Mid-Atlantic Permanente Medical Group, P.C.*, – F.Supp. – , 2008 WL 5205909 (D.D.C.); and see, *Nourison*, 535 F.3d at 297 (discussing the lack of justification for the tardy filing of a motion to amend).

If the movant shows good cause under Rule 16, the court may then consider whether the requested amendment is proper under Rule 15(a). Under the latter rule, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison*, 535 F.3d at 298, citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir.2001); Fed. R. Civ. P. 15.

The Court notes that the Defendants did not refer to Rule 16 in their motion and first addressed the Rule 16 requirement of good cause in their reply. Plaintiff argues that matters first raised in a reply are generally waived. In the interests of justice, and given that the Plaintiff has filed a sur-reply addressing matters raised in the Defendants' reply, the Court will consider the Defendants' asserted grounds for good cause.

In considering whether the Defendants have shown "good cause" under Rule 16, the Magistrate Judge observes that the Defendants' request was filed on November 12, 2008, several months *after* the scheduling order deadlines had all passed. Significantly, the Court had previously extended the scheduling order by several months upon the joint request of the parties

and for good cause shown (Document No.72, Order entered June 17, 2008). The Court's Order extended various deadlines, including the deadline for fact discovery from July 1, 2008 to September 1, 2008, and the deadline for dispositive motions from August 1, 2008 to October 1, 2008.

Extensive discovery concluded several months ago, and the complex process of claim construction is nearing completion. The parties indicate that over 50,000 pages of documents have already been exchanged. Trial in this case is currently set for February 17, 2009. With the trial date looming, the Defendants seek to amend their answer and counter-claims, join two additional parties, and to restart discovery. (Document No.114, p.19 asking for the "standard period of discovery as to the newly asserted counterclaims").

Defendants have not shown that the revised scheduling order deadlines could not reasonably have been met with diligence. For example, Defendants "acknowledge that, prior to the original deadline for filing motions, it was aware that Calgon manufactured BOS100® for Plaintiff and that AST was Plaintiff's preferred installer east of the Mississippi." (Document No.117, p.10). The Defendants assert in the same brief that a "prima facie case of infringement exists for every party that ever made, used, or sold BOS100®." (Document No. 117, p.10). Essentially, the Defendants were aware of Calgon and AST as potential parties early in the litigation.[1] See, e.g., *Nourison*, 535 F.3d at 297 (upholding denial of motion to amend and observing that "there is certainly no indication that [the movant] learned of these facts after the scheduling order deadline for amendments to the pleadings."). Defendants' motion to amend

---

[1]The Plaintiff identified Calgon as its supplier in disclosures in July 2007 and in depositions taken in mid-July 2008. The Defendants referred to Plaintiff's website, which identified AST as the installer for BOS100®, in April 2008.

claims should have been timely filed, and if it was not possible to do so, Defendants could have timely sought an extension of time earlier in the proceedings.

The Defendants seek to excuse the lateness of their request by arguing that they "reasonably sought to determine the actual activities of those parties relative to Plaintiff and BOS100® and such parties' level of culpability, if any" prior to presenting amended claims against them (Document No.117, p.10). While the Civil Rules do envision that only well-grounded claims will be brought against proper parties, this general requirement does not excuse belated filings.

The Defendants argue that they did not seek amendment earlier due to alleged discovery delays. The Plaintiff and the Defendants argue at considerable length in their briefs that the other side has caused delays in this action. If discovery delay was the root cause, the Defendants could have timely sought a court ruling on a motion to compel or other relevant discovery motion. They did not. The Plaintiffs point out that the Defendants did not request discovery from Calgon and AST until August 14, 2008, two weeks before the extended discovery deadline of September 1, 2008. The Defendants acknowledge that they decided to file claims against Calgon and AST only after they did not receive requested discovery. (Document No.117, p. 12). The alleged discovery delay does not provide good cause for the delayed request to amend claims several months later.

To the extent the Defendant points to a request for Markman supplements and a request to file an amended complaint by the Plaintiff as "delay," such requests were made in June and July 2008, well within the extended scheduling order deadlines. (Document No. 116, p.10). Those events certainly did not prevent the Defendants from filing their own motion to amend until November 12, 2008.

The record also reflects that the Defendants filed a separate lawsuit based on patent infringement against Calgon and AST on November 3, 2008. See Case No. 3:08-cv-00497-RJC-DCK. Presumably, the Defendants could have sought amendments in the present case sooner if they had a basis to file a new federal action against those parties. The Defendants do not explain any reason for the delay between November 3, 2008 and November 12, 2008.

In conclusion, even if new matters in the Defendants' reply are considered, the Defendants have not shown good cause for the belated filing of their amended pleading. Nothing in the record before this Court has demonstrated the required good cause to file the amended pleading at this late stage of the proceedings. Therefore, the Court need not reach analysis under Rule 15(a). Accordingly,

**IT IS ORDERED** that the "Motion for Joinder and Leave to File Amended Answer and Counterclaim" (Document No. 111) is **DENIED**.

**IT IS SO ORDERED**.

Signed: January 8, 2009

David C. Keesler
United States Magistrate Judge