IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:07-CV-153-RJC-DCK

| | | |
|---|---|---|
| REMEDIATION PRODUCTS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ADVENTUS AMERICAS INC., | ) | |
| a Delaware Corporation, and | ) | |
| ENVIRONMENTAL TECHNOLOGIES | ) | |
| INC., a Canadian Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion for Leave to Depose Calgon Carbon Corporation After the Scheduled Deadline for Fact Discovery" (Document No. 126) filed by Adventus Americas Inc. and EnviroMetal Technologies Inc. ("Defendants"). Remediation Products, Inc. ("Plaintiff") opposes the motion. This matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having fully considered the record, including the voluminous briefs and exhibits (Document Nos. 126-128, 132), the undersigned will deny the motion for the following reasons:

Rule 16 of the Federal Rules of Civil Procedure provides in relevant part that the court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008); *Barwick v. Celotex*, 735 F.2d 946, 954 (4th Cir. 1984). To show good cause, the moving party must "show that the deadlines cannot reasonably be met despite the diligence of the party needing an extension." 6A

Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure Civ. 2d, § 1522.1.

The United States Supreme Court has held "that the deposition-discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 114-115 (1964) and *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). Of course, "the discovery provisions, like all of the Federal Rules of Civil Procedure, are subject to the injunction of Rule 1 that they be construed to secure the just, speedy, and inexpensive determination of every action." *Id.* at 177. Moreover, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Hickman*, 329 U.S. at 507.

The Court's Pretrial Order and Case Management Plan provided an original discovery deadline of July 1, 2007. (Document No. 16). The Court later extended the deadline for completing fact discovery to July 1, 2008, and then again, to September 1, 2008. (Doc. No. #72). Claim construction was final on January 5, 2009. (Document No. 121). After a pretrial conference with the parties on February 5, 2009, the Court again accommodated the parties by rescheduling the February 17, 2009 trial date for January 19, 2010. The deadline for rebuttal expert reports was extended to March 27, 2009, and the deadline for completion of expert depositions was extended to May 15, 2009. (Document No. 125). The dispositive motions deadline was extended to June 5, 2009.

Approximately eight months after the close of discovery, the Defendants filed the present motion on April 28, 2009, seeking further extension of the discovery deadline in order to depose non-party fact witness Calgon Carbon Corp. ("Calgon"), the manufacturer of BOS100®, on May 15, 2009. (See Document No. 126, Motion and 82 pages of attachments, including 25-page

Memorandum). Defendants also asked for an additional sample of six (6) pounds of the BOS 100® product used by Plaintiff in groundwater remediation.[1] In other words, the Defendants belatedly seek permission to conduct additional fact discovery on a wide range of topics, as well as unspecified "further testing" of the BOS100® product.

The Plaintiff vigorously opposes the motion. (Document No. 128, Plaintiff's 25-page brief and exhibits, totaling 167 pages). Plaintiff aptly points out that the Defendants are attempting to depose Calgon many months after the close of discovery and that the proposed additional testing would likely require supplementation of expert reports, reopening of expert discovery, and supplemental briefing. Plaintiff contends that it will be prejudiced by the Defendants' last-minute request and the inevitable delay that will result. Numerous pending dispositive motions have already been extensively briefed.

Plaintiff also points out that in November of 2008, it voluntarily furnished Defendants and their experts with a quantity of BOS100® for testing. (Document Nos. 127-5, Ex. D, email; 128, p. 14; 128-3, Ex. B, letter of November 12, 2008, indicating that samples of BOS100®, Peerless Ground Cast Iron, and Calgon F400 Activated Carbon, had all been provided to Defendants).

Although Defendants contend that there is still time before trial to accomplish the requested fact discovery (see Document No. 127, p. 22), the Defendants have not satisfactorily explained why they could not reasonably meet the extended discovery deadline. This Court has already extended deadlines several times. The Defendants have had ample time for discovery and have not put forth any good reason for their delay in seeking the present deposition (on the 24 noticed topics) or

---

[1] The Defendants indicated they wanted to take this deposition *before* the allowable time for briefing on the present motion.

"additional testing" of the BOS100® product, which has been at issue from the inception of this infringement action.

The record reflects that the Defendants were well aware of Calgon and its product BOS 100® early in the litigation. In fact, the Defendants have asserted at least since January of 2005 that the use of BOS100® allegedly infringed their patents. (Document No. 128, Ex. E, January 27, 2005 Schaafsma Letter). Plaintiff identified Calgon as its supplier in disclosures in July 2007 and in depositions in mid-July 2008. (Doc. No. 114, Ex. B, ¶ 2). On July 8, 9, and 18, 2008, the Defendants deposed Remediation and its designated Rule 30(b)(6) representative, Mr. Scott Noland, regarding Calgon and BOS100®. (Document No. 128, Ex. D and I). Defendant Adventus has acknowledged that "prior to the original deadline for filing motions, it was aware that Calgon manufactured BOS100® for Plaintiff." (Document No. 117, p.10).

Although Defendants asserted counterclaims based on alleged infringement of the 213 and 154 patents (see Document No. 7, Answer and Counterclaims, filed May 7, 2007), Defendants did not thereafter request a sample of BOS100® during the discovery period, even when the period was extended repeatedly. Defendants also did not request a sample after they amended their counterclaims, even though BOS100® was specifically mentioned in Defendants' own pleading. (Document No. 101, ¶ 22). Plaintiff points out that an attorney who brings patent infringement claims generally has an obligation "to compare the accused device with the construed patent claims." *Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066, 1073-74 (Fed. Cir. 2002). Given that infringement allegations involving BOS100® have obviously been in contention during the

entire discovery period, Defendants could certainly have sought the requested discovery in a timely manner.[2]

As already discussed, the Plaintiff voluntarily provided Defendants and their experts with a quantity of BOS100® in November 2008. (Document No. 128, Ex. B). Defendants now demand an additional sample many months after the close of discovery and after the submission of expert reports. (*Id*., Ex. A). The Defendants have not explained why they failed to seek a sample during the discovery period, what additional testing they now wish to perform, or why the previously provided sample was not sufficient to conduct testing so that this information could have been timely included in the expert reports.

Although Defendants suggest that they seek the additional discovery for the purpose of testing assertions made in the expert reports (see Document No. 127-5, Ex. B, D), the proposed subpoena upon Calgon reflects that the Defendants are actually seeking broad discovery of 24 general topics which could have been pursued within the discovery period. (Document No. 126, Ex. A).[3] As Plaintiff's brief amply demonstrates, the proposed subpoena upon Calgon does not actually seek discovery of any "new" matters. (Document No. 128, pp. 16-23). Although the Defendants

---

[2]Two weeks before the discovery deadline, Defendants served a subpoena duces tecum on Calgon generally asking for all documents pertaining in any way to the Plaintiff. Defendants did not timely seek to compel document production, nor did Calgon file a motion to quash. Defense counsel indicates he "worked with" Calgon's counsel until October of 2008 regarding obtaining the requested documents, but then filed a separate suit against Calgon in November 2008, partly in an effort to obtain discovery. (Document No. 132, p. 8 "indicating that a significant purpose was to obtain discovery from Calgon").

[3]For example, the noticed topics include "how BOS100 is manufactured," "when and how the BOS100 Process was developed," all persons or entities to whom Calgon has sold BOS100 at any time," "the amounts billed by Calgon" for purchases of BOS100 by Remediation, "any communications that Calgon has had with" Remediation, and so on. (*Id*. ¶¶ 5,6, 21-24) .

contend in their reply that they seek further discovery in order to address specific claims about how BOS100® is manufactured, they acknowledge that in "a method-of-use patent, the focus is on the characteristics of the resulting product." (Document No. 132, pp. 3, 7). Defendants have not shown that they diligently pursued this discovery but were unable to reasonably meet the deadline. In conclusion, the Defendants have not established "good cause" for their failure to complete fact discovery within the previously-extended time period. Fed. R. Civ. P. 16(b)(4).

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion for Leave to Depose Calgon Carbon Corporation" beyond the scheduled deadlines (Document No. 126) is **DENIED**.

**IT IS SO ORDERED**.

Signed: August 13, 2009

David C. Keesler
United States Magistrate Judge