UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:07-CV-153-RJC-DCK

| | | |
|---|---|---|
| REMEDIATION PRODUCTS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ADVENTUS AMERICAS INC., | ) | |
| a Delaware Corporation, and | ) | |
| ENVIRONMENTAL TECHNOLOGIES | ) | |
| INC., a Canadian Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion to Exclude Evidence Submitted by Defendants in Support of, and in Opposition to, Summary Judgment" (Document No. 178) filed by Remediation Products, Inc. ("Plaintiff" or "RPI"). The motion has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and is ripe for consideration. Having fully considered the record, including the parties' briefs (Document No. 178, 179, 191, 192), the undersigned will **grant** the motion, with one exception, for the following reasons:

Defendants submitted the belated (April 2009) results of Transmission Electron Microscopy ("TEM") analysis of BOS 100® in support of their June 6, 2009 consolidated motions for "Clarification of the Court's Markman Orders and for Summary Judgment." (Document Nos. 145-146, 162). Defendants also submitted in June 2009 an untimely declaration from their expert, Dr. Alan Seech ("Seech"),[1] expressing his opinion on elemental analysis of BOS 100®. (Document No.

---

[1] Dr. Seech is the CEO of both Defendants.

163, Ex. 23). Defendants did not provide actual test results to RPI, although the Seech Declaration includes a table summary.

RPI seeks an order excluding the following evidence: (1) expert reports because unsworn and unverified reports are not admissible evidence on summary judgment; (2) TEM and elemental analysis results under Fed. R. Civ. P. 37(c)(1) because Defendants failed to supplement their discovery responses with documentation of this testing in violation of Fed. R. Civ. P. 26(e)(1); (3) Dr. Alan Seech's untimely expert opinion on the elemental analysis provided in violation of the Court's scheduling orders and Fed. R. Civ. P. 26(a)(2); and (4) evidence regarding Defendants' N.C. Gen. Stat. § 75-1.1 counterclaim which contradicts the deposition answers given by Seech, who was designated as the Defendants' Rule 30(b)(6) representative.

### 1) Unsworn and Unverified Reports

RPI asserts that Defendants' expert reports are unsworn and unverified.[2] "Unsworn expert reports . . . do not qualify as affidavits or otherwise admissible evidence for purpose of Rule 56, and may be disregarded by the court when ruling on a motion for summary judgment." 11-56 Moore's Federal Practice - Civil ¶ 56.14(1)(c)). It is well-settled that "unsworn reports are inadmissible on summary judgment unless accompanied by affidavits or depositions swearing to their contents and conclusions." *Edens v. Kennedy*, 112 Fed. Appx. 870, 877-79 (4th Cir. 2004). "In assessing summary judgment motions, a court is only entitled to consider evidence that would be admissible at trial." *Kennedy v. Joy Techs., Inc.*, 269 Fed. Appx. 302, 308 (4th Cir. 2008) (citing *Maryland Highways Contractors Ass'n, Inc. v. State of Maryland*, 933 F.2d 1246, 1251 (4th Cir. 1991).

Defendants respond that "having been alerted to the omission, Adventus then took steps to

---

[2]Although the Defendants' exhibits have been submitted in considerable disarray, the TEM report (dated April 14, 2009) can be found at Document No. 145-14, pp. 11-15, "Ex. 51."

remedy the technical error." (Document No. 191, p. 4).[3] On July 17, 2009, Defendants filed a Declaration of Scott D. Warner (Doc. No. 173) and a Second Declaration of Alan G. Seech. (Doc. No. 174). On August 13, 2009, Defendants also filed the Affidavits and Supplemental Declarations of Scott D. Warner (Doc. No. 189) and Alan G. Seech (Doc. No. 190) swearing to the contents of their expert reports presented in March of 2009. Although Defendants did this many months beyond the deadline for submission of expert reports, the deficiency will be deemed cured.

RPI further points out that Defendants have untimely submitted the "Third Declaration of John Vogan" on July 17, 2009. (Document No. 172). In addition to the matter of untimeliness, RPI points out that Vogan is an employee of the Defendants and was not designated as an expert. Defendants nonetheless attempt to offer Vogan's opinions interpreting the results of the belated TEM analysis. This interpretation of the TEM analysis will be excluded from consideration on summary judgment because Defendant failed to timely disclose this expert testimony as required under Fed. R. Civ. P. 26(a)(2).

### 2) Defendants' Failure to Supplement Discovery Responses

RPI next points out that the Defendants failed to supplement their discovery responses pursuant to Rule 26(e)(1) with documentation regarding the TEM testing and elemental analysis. RPI served discovery requests on Defendants on March 20, 2008. (Document No. 192, Ex. B). Document Request No. 5 sought "[a]ll documents concerning any samples of BOS 100® . . . including but not limited to any listing, assessment, study, analysis, evaluation, or discussion of products or technologies and results of any laboratory testing or analysis performed on such

---

[3]Defendants refer to "the Supplemental Expert Report of Dr. Alan Seech, the Rebuttal Expert Report of Dr. Seech, the Supplemental Expert Report of Dr. Scott Warner, and the Rebuttal Report of Dr. Warner."

samples." (*Id*. at 6-7). RPI plainly requested the production of all documentation concerning any testing of BOS 100®. Defendants responded that no such documents existed, except privileged documents. (*Id*. Ex. C). Defendants never supplemented this response. Defendants failed to disclose the results of their TEM testing and elemental analysis, and now seek to rely on this information in support of their various motions for summary judgment. They may not do so.

A party has a duty "to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed.R.Civ.P.26(e)(2). Additionally, Rule 37(c)(1) provides in relevant part that:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Defendants failed to comply with Fed. R. Civ. P. 26(e)(1) by failing to supplement their responses. They may not spring new evidence on other parties beyond the deadlines in violation of the federal discovery rules and this Court's scheduling orders. *See Jarrell-Henderson v. Liberty Mut. Fire Ins. Co.*, 2009 WL 347801, *7 (E.D.Va. 2009) (excluding non-disclosed documents from consideration on summary judgment).

RPI aptly points out that "Defendants waited until the eve of the dispositive motions deadline, over nine months after the close of discovery, to submit the testing results which effectively precluded RPI from conducting further discovery to rebut this previously undisclosed evidence." RPI would be substantially and unfairly prejudiced by the admission of this evidence on summary judgment. This prejudice could not be cured without further extending case deadlines

for fact and expert discovery, expert reports, and supplemental briefing for dispositive motions. Defendants offer no plausible explanation for their delay. This Court has already given numerous extensions and is not inclined to condone or reward this repeated and unexcused non-compliance with the rules.[4]

Defendants' failure to supplement was neither harmless nor substantially justified. *See Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003) ("[T]he basic purpose of Rule 37(c)(1) [is] preventing surprise and prejudice to the opposing party."); *Perkins v. United States,* 626 F.Supp.2d 587, 592 (E.D.Va. 2009) (excluding evidence because party's tactics had undermined the integrity of the discovery process without valid justification). Hence, the belated and undisclosed TEM and elemental analysis will be excluded pursuant to Fed. R. Civ. P. 37(c). *See Carr v. Deeds*, 453 F.3d 593, 604 (4th Cir. 2006) ("we give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)").

### 3) Dr. Seech's June 9, 2009 Expert Opinion is Untimely

Dr. Seech's June 29, 2009 Declaration includes a table summarizing the results of TKN elemental analysis of BOS 100®. This information was not relied upon in his initial or rebuttal expert reports. Rule 26(a)(2)(B) provides that expert reports must contain "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the data or other information considered by the witness in forming them." RPI indicates that Defendants have not provided the laboratory results from this TKN elemental analysis. (Document No. 192, pp. 2, 5).

---

[4]The record reflects that RPI voluntarily provided a sample to Defendants in November 2008. Although Defendants contend this sample was inadequate, they expressed no concerns at that time and did not request another sample of BOS 100® until April 2009, *after* the deadline for submission of expert reports.

Dr. Seech's new expert opinion was not provided until long after the March 7, 2009 deadline for expert reports and the March 27, 2009 deadline for rebuttal reports. (Document Nos. 124, 125). Although this Court has been generous with timely-requested extensions in this case, RPI aptly points out that the Defendants were *not* given leave of court to conduct analytical testing beyond the expiration of discovery or to submit additional untimely expert opinions based upon further testing.[5]

Defendants have not complied with this Court's scheduling orders. "If a litigant refuses to comply with the requirements of the rule, he does so at his peril." *Carr*, 453 F.3d at 605) (affirming exclusion of expert due to failure to comply with Rule 26). See also, *Saudi v. Northrop Grumman Corp*., 427 F.3d 271, 274 (4th Cir. 2005) (holding that exclusion of evidence was an appropriate sanction for a party's failure to timely provide expert witness disclosures and admonishing that "[l]itigants who fail to comply with court scheduling and discovery orders should not expect courts of appeal to save them from the consequences of their own delinquence"). As the Fourth Circuit Court of Appeals observed in *Saudi*, a party should not be able to "capitalize on his noncompliance with the court's rules." *Id*. at 279; *Carr*, 453 F.3d at 604 ("A party that fails to provide Rule 26 disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case"). Dr. Seech's expert opinion of June 9, 2009 was untimely and will be excluded.

### 4) Inconsistent Answers by Rule 30(b)(6) Designee

Finally, RPI asserts that evidence on summary judgment regarding Defendants' N.C. Gen. Stat. § 75-1.1 counterclaim contradicts the binding answers given by Dr. Alan Seech ("Seech") at deposition. Defendants designated Seech pursuant to Rule 30(b)(6) as corporate representative on

---

[5] The delays in discovery were described at length in the Order of August 7, 2009 and need not be repeated here. (Document No. 188).

the topic of the "complete factual and legal basis for each of the allegations set forth in Adventus' counterclaims regarding Defendants' claim of unfair and deceptive trade practices." (Document No. 179, Ex. 6, Rule 30(b)(6) Deposition Notice).

At his deposition, Seech was asked "Do you understand what Adventus' claim of unfair and deceptive trade practices against RPI is based on?" Seech asked for the question to be restated. He then indicated that he could not provide any facts supporting the Defendants' allegation that RPI had committed "unfair and deceptive trade practices." (Document No. 148, Ex. F, Seech Deposition, pp. 249-250). RPI argues the Defendants were obligated to prepare their corporate designee for deposition. Fed. R. Civ. P. 30(b)(6). "Producing an unprepared witness [for a Rule 30(b)(6) deposition] is tantamount to failure to appear." *United States v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C. 1996).

Defendants have not shown that information on the topic was unknown or inaccessible at the time of Seech's deposition. Instead, they merely challenge the "form" of the questions posed to Seech, contending that "(1) Dr. Seech did not understand what Adventus' claim for unfair and trade practices (a legal question) was based on and (2) that, as he sat there, he could not provide any facts to support the legal claim that he had just said he could not understand." (Document No. 191, p. 24). Defendants further assert that "both questions were objectionable, ambiguous, compound questions." The record plainly refutes this assertion. Moreover, RPI's counsel restated the question and asked "What has RPI done that is unfair and deceptive?" (Document No. 148, Ex. F, Seech Deposition, p. 250). This follow-up question is quite clear and unambiguous.

"If a party states it has no knowledge or position as to a set of alleged facts or area of inquiry at a Rule 30(b)(6) deposition, it cannot argue for a contrary position at trial without introducing evidence explaining the reasons for the change." *United States v. Taylor*, 166 F.R.D. 356, 363

(M.D.N.C. 1996). Seech was unable at deposition to testify as to any facts on the noticed topic. Despite this, Defendants have provided subsequent Seech affidavits on summary judgment. Defendants have not explained any reasons for the change in Seech's testimony and/or knowledge. Absent an adequate explanation, Seech may not advance an affidavit indicating he now has knowledge of the facts underlying Adventus' claim for unfair and deceptive trade practices. *See Rohrbough v. Wyeth Laboratories, Inc.*, 916 F.2d 970, 974 (4th Cir. 1990) (observing that an affidavit which is in conflict with earlier deposition testimony should be disregarded).

**IT IS THEREFORE ORDERED** that the "Motion to Exclude Evidence Submitted by Defendants in Support of, and in Opposition to, Summary Judgment" (Document No. 178) is **GRANTED**, with the exception that the deficiency as to the unsworn (but timely) expert reports is deemed cured.

**IT IS SO ORDERED**.

Signed: November 30, 2009

David C. Keesler
United States Magistrate Judge