UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cv153-RJC-DCK

| | |
|---|---|
| REMEDIATION PRODUCTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ADVENTUS AMERICAS, INC., ) | ORDER |
| a Delaware Corporation, and ) | |
| ENVIROMETAL TECHNOLOGIES, ) | |
| INC., a Canadian Corporation, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on RPI's motion to reconsider the Court's Summary Judgment Order regarding the '213 Patent (Doc. No. 205), and Adventus's motion to reconsider the same Order (Doc. No. 207).

A motion to reconsider is inappropriate where it merely seeks "to re-debate the merits of a particular motion." In re Vioxx Products Liability Litigation, 230 F.R.D. 473, 475 (E.D. La. 2005). Nor were such motions intended "to give an unhappy litigant one additional chance to sway the judge." Myers v. Rigel, No. 2:09cv236, 2010 WL 1759558, at *2 (S.D. Miss. May 3, 2010). Rather, the purpose of a motion for reconsideration is to correct "manifest errors of law or fact . . . ." DIRECTV, Inc. v. Hart, 366 F. Supp. 2d 315, 317 (E.D.N.C.2004) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 907, 909 (3d Cir.1985)). "A motion to reconsider is appropriate where the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." Id.

The Court finds nothing in either party's arguments that warrants reconsideration of the Court's Order. The current motions represent the fourth and fifth motions to reconsider filed by the

parties in this action to date. The Court has indicated its willingness in the past to re-examine its holdings for error, citing Justice Frankfurter's timeless lesson. See Henslee v. Union Planters Nat. Bank & Trust Co., 335 U.S. 595, 600 (1949) (Frankfurter, J., dissenting) ("Wisdom too often never comes, and so one ought not to reject it merely because it comes late."). Such Frankfurterian willingness should not be interpreted, however, as encouragement to file such motions after every order the Court issues, as the practice unnecessarily burdens the docket and judicial resources.

**IT IS, THEREFORE, ORDERED** that the parties' motions to reconsider (Doc. Nos. 205 and 207) are **DENIED**.

**SO ORDERED.**

Signed: June 22, 2010

Robert J. Conrad, Jr.
Chief United States District Judge