# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:07cv153-RJC-DCK

| | |
|---|---|
| **REMEDIATION PRODUCTS, INC.,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
| **ADVENTUS AMERICAS, INC.,** a Delaware Corporation, and **ENVIROMETAL TECHNOLOGIES, INC.,** a Canadian Corporation, | ) **ORDER** |
| **Defendants.** | ) |

**THIS MATTER** is before the Court on the Defendants' Motion for Federal Rule of Civil Procedure 54(b) Certification (Doc. No. 217) and the related briefs. The Court will deny the motion.

Defentants (collectively "Adventus") seek to have the Court direct, pursuant to Rule 54(b), entry of final judgment on its Order of September 27, 2010 (Doc. No. 215). That Order granted RPI's Motion for Summary Judgment of Non-Infringement of the '154 Patent and dismissed Adventus's Second Counterclaim.

Rule 54(b) provides, "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The purpose of a Rule 54(b) entry of a final judgment is "to prevent piecemeal appeals when multiple claims are resolved in the course of a single lawsuit" and "to provide relief to litigants that would suffer undue hardship if final judgment is not entered on the adjudicated claim prior to the resolution of the unadjudicated claims." Braswell Shipyards, Inc. v. Beazer East, Inc., 2 F.3d 1331, 1335 (4th Cir. 1993). Because of the importance of preventing

piecemeal appeals, a Rule 54(b) entry of a final judgment is recognized as the exception rather than the norm and is disfavored in the Fourth Circuit. Bell Microproducts, Inc. v. Global-Insync, Inc., 20 F. Supp. 2d 938, 942 (E.D. Va. 1998).

The Court's determination of whether to enter final judgment involves two steps. Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7-8 (1980). First, the Court must determine whether the judgment is final with respect to the relevant claims or parties. Id. at 7. Second, the Court must determine whether there is any "just reason for delay" in entering a judgment. Id. at 8. In this step, the Court should consider "judicial administrative interests as well as the equities involved." Id. The burden to persuade the Court that entry of final judgment is appropriate rests with the moving party. Braswell, 1 F.3d at 1335. Only the latter step is in dispute here.

Rule 54(b) certification is for the rare case where no just reason for delay in entering a judgment exists. Curtiss-Wright, 466 U.S. at 8. Here, while the dispute over the '154 patent involves separate claim construction and legal questions from the other claims still in dispute, it involves the same challenged technology: RPI's BOS 100 product. The Court's ongoing resolution of the disputes over both the '154 and '213 patents has required extensive study of RPI's product and the science of groundwater remediation. While such study has been and continues to be an enriching undertaking, the Court need not subject two separate appellate panels to the same, which would require a duplication of significant judicial resources. Adventus notes that its '213 patent has already expired, and that certification of the '154 Order would allow Adventus – potentially – to secure an injunction against RPI prior to the '154 patent's expiration in October 2013. While the Court understands Adventus's position, it fails to negate the just reasons for delay that are present: the desirability of avoiding piecemeal appellate review and the wise use of judicial resources. The Court will deny Adventus's motion for Rule 54(b) certification.

In addition to its Rule 54(b) motion, Adventus moves the Court to dismiss as moot RPI's remaining claims alleging the '154 and Grace patents are unenforceable and invalid. "[A] district court has discretion to dismiss a [claim] alleging that a patent is invalid as moot where it finds no infringement." Phonometrics, Inc. v. N. Telecom Inc., 133 F.3d 1459, 1468 (Fed. Cir. 1998). The Court has already declared that RPI's product does not infringe either the '154 patent or the contested Grace patents. The Court will thus exercise its discretion to dismiss as moot RPI's remaining claims of unenforceability and invalidity of the '154 and Grace patents, which it impliedly did in the respective orders of noninfringement. See (Doc. No. 215 at 12 n.4 ("The Court does not reach RPI's alternative claims of invalidity in light of this ruling, as no "live controversy over validity remains" as to the '154 patent.") (citing Med. Instr. & Diagnostics Corp. v. Elekta AB, 344 F.3d 1205, 1222 n.1 (Fed. Cir. 2003))).

**IT IS, THEREFORE, ORDERED** that:

1. Adventus's motion for Federal Rule of Civil Procedure 54(b) certification (Doc. No. 217) is **DENIED**;

2. Adventus's motion to dismiss without prejudice as moot RPI's claims alleging the '154 patent and Grace patents are unenforceable and invalid is **GRANTED**; and

3. RPI's claims alleging the '154 patent and Grace patents are unenforceable and invalid are **DISMISSED WITHOUT PREJUDICE as moot**.

Signed: April 1, 2011

Robert J. Conrad, Jr.
Chief United States District Judge